### BRENT JOHNSON & wife *vs.* CITY OF LOWELL.

TORT to recover for an injury sustained by the female plaintiff, by reason of a defective highway.

At the trial in this court, at the April term 1866, before the chief justice, there was evidence tending to show that the female plaintiff slipped and fell upon a sidewalk in the city of Lowell, which was covered with ice; and there was some question whether the sidewalk was level and smooth, or slanting and rough. The chief justice instructed the jury that it was the duty of the city to keep the sidewalk in such condition that a person, using due care, could pass over it with safety, and that if they failed to keep it in such condition that a person using due care could pass over it without danger of accident the defendants would be liable for injuries occasioned by its condition; that if the jury should find that the sole cause of the accident was the slipperiness of the ice, and that the side walk was constructed in a proper manner, sufficiently level and smooth for

---

ordinary travel, without any obstructions, and so built that it would not cause ice or snow to accumulate thereon, and to form and continue there, and there was at the time of the accident no accumulation of ice or snow on the sidewalk creating an obstruction, but the snow was trodden down so as to be level and even, and there was nothing in the way which caused the plaintiff to fall but the ice, and the accident was attributable solely to the slippery condition of the ice, causing a liability to fall, such a condition of the sidewalk would not be a defect for which the city would be liable.

The jury returned a verdict for the defendants; and the case was reported for the consideration of the whole court.

*A. R. Brown*, for the plaintiff.

*T. Wentworth*, for the defendants, was not called upon.

BY THE COURT. This case falls within the principle decided in *Stanton v Springfield* and judgment must therefore be entered on the verdict.